UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

L.I.[1],

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security, et al.,

Respondents.

Case No. 5:26-cv-03967-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 220-705-550**

L.I. ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. The Court has considered the Petition, Respondents' Answer, and Petitioner's Reply. Dkt. Nos. 17, 21.

[1] The Court granted Petitioner's unopposed motion to proceed with pseudonym. Dkt. No. 26.

## I. Background

Petitioner is a noncitizen who has lived in the United States for approximately ten years. He entered the United States in 2016 on an F-1 student visa to attend high school. After graduating with honors, Petitioner attended college in the United States. He later received employment authorization through Optional Practical Training ("OPT") program, which remained valid through January 2023. Dkt. No. 1 at 2, 4, 5.

On November 23, 2021, Petitioner filed an Application for Asylum (Form I-589) with United States Citizenship and Immigration Services ("USCIS"). His asylum claim is currently pending. In the meantime, he attended a required fingerprinting appointment, renewed his employment authorization multiple times, paid the required annual asylum processing fee, and obtained a social security card and REAL ID driver's license. Petitioner alleges he has no criminal record. *Id*. at 2, 5.

Petitioner recently completed his first year of law school in the United States. He currently works as a summer intern at a national law firm with offices in Washington, D.C. and Los Angeles, California. He also serves as a committee chair for a university law student association. *Id*. at 5.

On July 15, 2026, Petitioner returned to Los Angeles, California from San Francisco, California on a domestic flight. After Petitioner deboarded at Los Angeles International Airport, immigration officers arrested him and took him into custody. Petitioner alleges that he informed the officers that he had a pending asylum application. The officers confirmed the application in their database but detained Petitioner. *Id*. at 2, 6.

Petitioner is currently detained at Adelanto ICE Processing Center in Adelanto, California. Petitioner alleges that Respondents have not placed him in removal proceedings and have not informed him of the statutory authority supporting his detention. At the time he filed the Petition, his case

did not appear in the Executive Office for Immigration Review's online case status portal. *Id*. at 2, 4, 6. Though Petitioner has not received a bond hearing, his Reply states that he submitted a motion for a bond hearing under 8 U.S.C. § 1226(a), which is pending. Dkt. No. 21 at 11.

## II. Discussion

The Petition raises three claims: (1) Petitioner's detention without a pre-deprivation hearing violated his right to procedural due process under the Fifth Amendment; (2) his continued detention violates substantive due process under the Fifth Amendment; and (3) his detention is arbitrary, capricious, and an abuse of discretion and is therefore a violation of the Administrative Procedure Act ("APA").

### A. The Court Has Jurisdiction to Consider the Merits of Petitioner's Claims

As a threshold issue, Respondents argue that to the extent Petitioner is challenging his removal, 8 U.S.C. § 1252(g) precludes the Court's review of Petitioner's claims. *See* Dkt. No. 17 at 3. As explained below, their argument fails.

Section 1252(g) deprives courts of jurisdiction, including habeas corpus jurisdiction, to review "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to (1) *commence* proceedings, (2) *adjudicate* cases, or (3) *execute* removal orders against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added). The Supreme Court has clarified that the language of Section 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions", but instead refers "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citing *Reno v. Am. Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482-83 (1999)).

Here, the Petition does not challenge the Attorney General's decision to commence removal proceedings against him, to adjudicate such proceedings, or execute his removal. Petitioner's challenge is to his continued detention. Accordingly, the Petition is not barred by § 1252(g). *See, e.g., Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000) ("[S]ection 1252(g) does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to 'execute removal orders' and thus does not implicate section 1252(g)." (citation and some internal quotation marks omitted)); *see also Zadvydas*, 533 U.S. at 687–88) (28 U.S.C. § 2241 confers jurisdiction on the federal courts to hear statutory and constitutional challenges to post-removal-period detention); *Hernandez v. Mullin*, No. 5:26-CV-00585-JAK-ADS, 2026 WL 846037, at * 5 (C.D. Cal. Mar. 24, 2026) (section 1252(g) does not preclude a challenge to prolonged detention prior to removal).

**B. Procedural Due Process**

This Court and others in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering

release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

Courts have extended this principle to noncitizens who have lived at liberty in the United States while their immigration proceedings are pending, pursuant to the Government's decision not to detain them. *See Gagik T. v. Chestnut, et al.*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) (granting release to noncitizen who entered the United States on a visitor visa, applied for asylum, was granted employment authorization, and remained out-of-custody for six years); *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL 531441 at *2 (N.D. Cal. Feb. 25, 2026) ("Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."). *See also Abdeltawab v. Armant*, No. EDCV 26-01520-MWF (DTB), 2026 WL 1045564 at *1 (C.D. Cal. Apr. 13, 2026) (preliminary injunction granting release and finding liberty interest for noncitizen whose removal proceedings were administratively closed, was granted employment authorization, and then was arrested by immigration authorities for the first time).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

**1. Private Interest**

Petitioner has a substantial private interest in remaining out of custody. Petitioner has resided in the United States for approximately ten years, since 2016. During this time, he attended high school and college, has continued to pursue his asylum claim, was granted employment authorization multiple times, completed his first year of law school, and was working as an intern at a national law firm.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, the risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk).

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

According to the Petition, Petitioner complied with the requirements of his asylum proceedings and has no criminal history suggesting he is a danger or flight risk. Respondents do not contend that changed circumstances prompted Petitioner's detention or that he is now a danger or flight risk. *See Abdeltawab*, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) ("The risk [of erroneous deprivation] is especially pronounced here, where there is no reason to believe that Petitioner is or has been previously determined to be a flight risk or a danger to the community.").

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary re-detention.

**3. Government Interest**

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases).

"[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]' " *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

Respondents do not oppose granting a bond hearing but argue that Petitioner cannot be released because 8 U.S.C. § 1226(a) gives the government discretionary authority to arrest and detain a noncitizen who is in removal proceedings and present without authorization. Respondents note that Petitioner remained in the United States after his authorization expired on December 17, 2021. Dkt. No. 17 at 2.[2]

However, Petitioner filed his Application for Asylum on November 23, 2021, before his visa expired. Thereafter, the government permitted Petitioner to remain at liberty in the United States while pursuing his asylum claim and granted him employment authorization multiple times. Respondents' Answer does not address Petitioner's argument that his extended period at liberty in the United States, during which he complied with the requirements associated with his asylum application, entitled him to notice and a pre-deprivation hearing under procedural due process.[3]

---

[2] Petitioner contests this and argues that he "was admitted for the Duration of Status, and his post-completion USCIS OPT status extended through January 2023." Dkt. No. 21 at 16, n.5.

[3] The absence of opposition to Petitioner's Fifth Amendment due process claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB,

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated Petitioner's Fifth Amendment right to due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims. Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III. Conclusion

The Court grants the Petition based on Count One under procedural due process and dismisses the remaining counts without prejudice. The prayer for relief seeks an order enjoining Respondents from "re-detain[ing] [Petitioner] without at least 7 days' notice and a pre-deprivation hearing before a neutral arbiter and with Constitutional safeguards where the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall have counsel present." Dkt. No. 1 at 15. However, the Petition fails to provide a legal and factual basis for ordering such prospective relief at this time.

---

2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

## IV. Order

For the foregoing reasons, the Petition is GRANTED as to Count One, and the remaining counts are dismissed without prejudice.

Petitioner L.I. (A# 220-705-550) is **ordered released** within 24 hours of this Order on the same conditions of release that existed before his detention.

At the time of release, Respondents are ordered to return to Petitioner all of Petitioner's possessions, identification, and money that was on his person at the time of his detention.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) confirming the return to Petitioner of his personal belongings.

IT IS SO ORDERED.

DATED: July 28, 2026

Patricia Donahue
Patricia Donahue
United States Magistrate Judge